IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| AMANDA GERACI | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | NO. 14-5264 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |
| RICHARD FIELDS | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 14-4424 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

I.     **INTRODUCTION**

Defendants write to briefly reply to arguments raised relating to Plaintiffs' *Monell* claims.[1]

II.     **ARGUMENT**

Plaintiffs have alleged that the City is liable under two theories of municipal liability: first, that a custom existed of PPD officers using detention or arrest to retaliate against citizens who attempt to record their actions; and, second, that their injuries resulted from the failure of policymakers to properly train or discipline officers in relation to this type of alleged

---

[1] Plaintiffs correctly point out that Defendants have not moved for summary judgment with respect to claims under the Fourth Amendment. Defendants concede based on the evidence adduced during discovery there are genuine issues of fact that must be resolved by a jury.

misconduct.  *See* Resp. in Opp. at p. 3; ECF No. 27.  Both of these theories of municipal liability fail as a matter of law.

> A. *There is insufficient evidence to support Plaintiff's claim that a custom existed of retaliating against individuals recording police.*

Based upon the record evidence, no reasonable jury could find that there exists a custom of retaliating against individuals who record police.  For a municipality to be liable, the alleged custom or practice must be so permanent and well settled as to have the ***force and effect of law***.  *Monell v. New York Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).  In the instant matter, Plaintiffs alleged that the existence of approximately 20 complaints over a three year period is evidence of a widespread custom of retaliation.[2]  The Philadelphia Police Department has approximately 6,500 police officers.  *See* 2015 Healy Dep. at 88:24-89:6; JointAppx at 250-251.  Twenty incidents in three years may evidence a custom in a police department of ten or fifteen officers, but surely not in a department of 6,500 officers.  In fact, Plaintiff Geraci's own testimony refutes the existence of a custom of retaliation.  Plaintiff Geraci testified that she had recorded Philadelphia police activity surrounding protests on at least twenty other occasions.  *See* Geraci Dep. at 43:6-21; Joint Appx at 12.  Of the twenty one times she recorded Philadelphia police, the September 21, 2012 incident ***was the only time*** she had a confrontation.  *Id.*  In twenty of the twenty one occasions when Ms. Geraci recorded police activity, she experienced no retaliation.  It is impossible to argue that the Philadelphia Police had a custom of retaliating that was so well settled as to have the force of law when in Plaintiff's own experience, alleged retaliation occurred only once out of more than twenty occasions.

> B. *Plaintiffs failure to discipline theory fails as a matter of law.*

---

[2] It is important to note that one of the complaints cited by Plaintiffs was that of Coulter Loeb.  In that matter, a jury determined that probable cause existed to arrest Mr. Loeb and found in favor of the officers.  *See* 13-3082; ECF No. 49.

Plaintiffs cannot demonstrate that an alleged failure to discipline officers for retaliatory conduct was the moving force behind their alleged constitutional violations.  "A failure to train, discipline, or control can form the basis for section 1983 municipal liability if the plaintiff can show both [(a)] contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and [(b)] circumstances under which the supervisor's actions or inaction could be found to ***have communicated a message of approval to the offending subordinate***." *Montgomery v. DeSimone*, 159 F.3d 120, 127 (3d Cir. 1998).  In the instant matter, there exists no record evidence that any of the alleged offending officers were communicated a message of approval towards retaliation.  Therefore this claim must fail.

  *C.  Plaintiff cannot demonstrate deliberate indifference by a policymaker.*

The City of Philadelphia began training officers to allow citizens to record police activity in 2011, recognizing this may be a constitutional right before even the Third Circuit.  Plaintiffs now attempt to argue that the City was deliberately indifferent to the constitutional rights of citizens because the Police Department has taken affirmative steps to consistently improve its training in an effort to eradicate instances of misconduct.  Plaintiff's argument is logically flawed, but if that is not enough, it is also legally insufficient.

Plaintiffs argue that the subsequent steps taken by the PPD to improve training weaknesses are evidence that PPD policymakers were deliberately indifferent to the constitutional rights of the citizens of Philadelphia. Initially, it is worth noting that the Third Circuit has not clearly established the limits governing First Amendment rights in this area. It is difficult to see how City policymakers could be deliberately indifferent to the constitutional rights of citizens when those constitutional rights were not clearly defined in this Circuit.

Even so, Plaintiffs' argument- that Captain Healy's recommendation of additional training measures is evidence that policymakers were deliberately indifferent in the formulation of the original training- fails to comport with Supreme Court precedent.  As the Supreme Court noted in *Canton*, "In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a §1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." *City of Canton v. Harris*, 489 U.S. 378, 392 (1989).  This however, is insufficient to state a claim.  *Id*.  Plaintiffs must demonstrate a conscious choice not to train by a policymaker which reflects deliberate indifference to constitutional rights.  *Id*.  Here, it is undisputed that the City implemented Memorandum 11-01 and Directive 145 and read the material at roll call, thereby training officers on the issue.  Captain Healy and the Police Department continued to monitor the issue and over time added more reminders and training to ensure the police officers "got it."  This behavior is not evidence of deliberate indifference to constitutional rights, it is evidence of a commitment by the PPD to get the message across to officers.  The continued improvement of officer training is evidence of a committed Police Department and not of deliberate indifference to constitutional rights.

### III.     Conclusion

For the foregoing reasons, and those more fully briefed in Defendants' Motion for Summary Judgment, the officers are entitled to qualified immunity on Plaintiffs' First Amendment claims.

    Respectfully submitted,

    /s/ John J. Coyle
    **JOHN J. COYLE**
DATE: JANUARY 14, 2016    DEPUTY CITY SOLICITOR

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| AMANDA GERACI | : | CIVIL ACTION |
| --- | --- | --- |
| Plaintiff, | : | |
| v. | : | NO. 14-5264 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |
| RICHARD FIELDS | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 14-4424 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

I, John J. Coyle, do hereby certify that on this date, a true and correct copy of Defendants' Reply Brief in Support of the Motion to for Summary Judgment was electronically filed and is available for viewing and downloading from the ECF system.

/s/ *John J. Coyle*
JOHN J. COYLE
*Deputy City Solicitor*
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
john.coyle@phila.gov
Date: January 14, 2016                                                P: 215-683-5447 / F: 215-683-5397