**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD FIELDS, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | No. 14cv4424 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| AMANDA GERACI, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | No. 14cv5264 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**JOINT MOTIONS TO AMEND FEBRUARY 19, 2016 ORDER AND VACATE**
**FEBRUARY 24, 2016 ORDERS**

After this Court granted partial summary judgment to Defendants on Plaintiffs' First Amendment retaliation claims and Plaintiff Fields' malicious prosecution claim (ECF Doc. Nos. 46, 47 in *Fields*, ECF Doc. Nos. 44, 45 in *Geraci*), the parties agreed to dismiss the remaining Fourth Amendment claims in both cases without prejudice to facilitate an immediate appeal of the summary judgment ruling. *See* Stipulation of Dismissal, ECF Doc. No. 51 in *Fields*; Stipulation of Dismissal, ECF Doc. No. 49 in *Geraci*; *see also* Fed. R. Civ. P. 41(a)(1)(B) (an order dismissing claims by agreement of the parties under Fed. R. Civ. P. 41(a)(1)(A)(ii) is a dismissal without prejudice, unless the stipulation states otherwise).

1

Although *Fields* and *Geraci* are currently closed in the district court and the parties are ready to litigate an appeal, it appears that the Court of Appeals would not have appellate jurisdiction over the case at present based on the orders entered in these cases on February 19, 2016 and February 24, 2016.

I. **The Orders Granting Partial Summary Judgment and Dismissing the Remaining Claims Without Prejudice Are Insufficient to Confer Appellate Jurisdiction on The Court of Appeals.**

In *Washington-El v. DiGuglielmo*, 365 Fed. App'x 338 (3d Cir. 2010), the District Court granted summary judgment to defendants on all but one of the plaintiff's claims. *Id.* at 339. The order dismissing those claims did not invoke Rule 54(b). *Id.* The district court subsequently dismissed the remaining claim without prejudice, by agreement of the parties. *Id.* The plaintiff then filed a notice of appeal of the order granting partial summary judgment. *Id.* The Third Circuit *sua sponte* ruled that it did not have appellate jurisdiction. *Id.* The Court explained that:

> When a District Court resolves only some claims against the defendants but another claim remains, the order is not final and is not appealable unless the District Court properly enters judgment under Rule 54(b). The District Court did not do so in this case. An order resolving only some claims also may become final if a plaintiff withdraws his or her remaining claims with prejudice. The dismissal of a remaining claim without prejudice, however, does not produce finality.

*Id.* (internal citations omitted).

Accordingly, in this case, the parties jointly urge the Court to take the first of the two options outlined by the Court of Appeals. We respectfully ask the Court to amend the order granting partial summary judgment to explicitly enter judgment under Rule 54(b) and vacate the dismissal order and instead place the remaining Fourth Amendment claims into administrative suspense until resolution of the appeal.

2

**II.      This Court's Order Granting Partial Summary Judgment Is a Final Adjudication on the Merits and There Is No Just Reason for Delay of An Appeal.**

A district court's decision to certify an order as a partial final judgment pursuant to Rule 54(b) is reviewed for abuse of discretion.  *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).  In determining whether a district court abused its discretion, the Court of Appeals will ask whether the district court exercised its discretion "in the 'interest of sound judicial administration,'" and will not "reweigh the equities," but rather, ask whether the judge's assessment of the equities was "clearly unreasonable."  *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (citing *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)).

> Rule 54(b) states, in relevant part, that:
>
>> When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b).  The rule was designed in an attempt "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties."  *Berckley Inv. Group, Ltd.*, 455 F.3d at 202 (citing *Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975)).

A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been "a final judgment on the merits" (i.e., "an ultimate disposition on a cognizable claim for relief"); and (2) there is "no just reason for delay." *Id.* (citing *Curtiss–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980)).

3

A) <u>Final Judgment on the Merits</u>

Whether a judgment is "final" within the meaning of Rule 54(b) "is defined by the requirements of 28 U.S.C. § 1291, which are generally described as ending 'the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment.'" *Sussex Drug Prods. v. Kanasco, Ltd.*, 920 F.2d 1150, 1153-54 (3d Cir. 1990) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 275 (1988)).

This court granted summary judgment to defendants on Plaintiffs' First Amendment retaliation claims and on Plaintiff Fields' Fourth Amendment malicious prosecution claim on the basis that the facts, construed in the light most favorable to Plaintiffs, are legally insufficient to state a claim for First Amendment retaliation or malicious prosecution. Mem. Op., ECF Doc. No. 46 in *Fields*, ECF Doc. No. 44 in *Geraci*, at 7–12, 14. This order leaves nothing further for the court to do with respect to those claims. *See Sussex Drug Prods.,* 920 F.2d 1153. There is no question that this order is a final adjudication of the merits that is ready for appeal.

B) <u>No Just Reason for Delay</u>

In determining that there is "no just reason for delay," courts should consider five factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 203 (3d Cir. 2006).

In this case, all five factors weigh in favor of a finding that there is "no just reason for delay.

With respect to factors (1) and (2), as in *Berckley Investment Group*, the claims dismissed on summary judgment do not "conflict" with the remaining claims, *id.*, and there is little chance that resolution of the remaining Fourth Amendment claims would moot the need for appeal of the summary judgment order. The issues to be decided on appeal—whether the First Amendment protects the right to record the police in public, and whether Plaintiff Fields suffered a deprivation of liberty sufficient to state a malicious prosecution claim—are legally independent of the remaining Fourth Amendment claims for illegal search, false arrest, and excessive force. If Plaintiffs lose on appeal, this will not moot the remaining claims. However, as in *Berckley Investment Group*, immediate appellate review might actually eliminate any need to try the remaining claims. Plaintiffs have been clear throughout this litigation that the First Amendment retaliation claims to be appealed are the central focus of their case. A decision on appeal—regardless of which way it goes—is likely to encourage the parties to either settle the case or dismiss the remaining claims.

With respect to factor (3), there is no foreseeable circumstance that would require the Court of Appeals to rule more than once in this case on the questions of law regarding First Amendment retaliation and malicious prosecution that this court decided on summary judgment.

With respect to factor (4), this case does not involve "a claim or counterclaim which could result in set-off against the judgment sought to be made final."

Finally, with respect to (5), there are a number of other considerations that militate towards certifying the summary judgment order for immediate appeal under Rule 54(b) and placing the remaining claims in administrative suspense. As in *Berckley*, immediate appeal is likely to shorten the length of trial or abrogate the need for trial altogether. *See id.* at 204. If Plaintiffs win on appeal and the parties are not able to reach a settlement agreement, the parties

can then try all of the claims in the case at once.  On the other hand, if Plaintiffs do not take an immediate appeal from the summary judgment ruling and instead proceed to trial on the remaining claims, this may result in two trials that involve the presentation of the same facts—one on the Fourth Amendment illegal search, false arrest, and excessive force claims, and potentially another trial on the First Amendment retaliation and malicious prosecution claims, if Plaintiffs prevail on a later appeal on those issues and the parties are not able to reach a settlement agreement.

## CONCLUSION

Because the order granting summary judgment to defendants on Plaintiffs' First Amendment retaliation claims and Plaintiff Fields' malicious prosecution claim is a "final adjudication on the merits," and because there is "no just reason for delay," the parties jointly respectfully request that the Court amend its February 19, 2016 order to explicitly enter partial judgment under Rule 54(b) and place the case into administrative suspense, and vacate its February 24, 2016 orders dismissing the remaining claims without prejudice.  A proposed order accompanies these motions.

Dated:  March 9, 2016

Respectfully submitted,

| | |
|---|---|
| */s/ Molly Tack-Hooper* | */s/ John Coyle* |
| Molly Tack-Hooper | John Coyle |
| American Civil Liberties Union of Pennsylvania | City of Philadelphia Law Department Civil Rights Unit |
| P.O. Box 60173 | 1515 Arch Street, 14th Floor |
| Philadelphia, PA 19102 | Philadelphia, PA 19102 |
| (215) 592-1513 x 113 | (215) 683-5447 |
| | |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |